UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-1084-JSD |
| ) | |
| TWO UNKNOWN AFRICAN AMERICAN ) | |
| POLICE OFFICERS, et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

Self-represented plaintiff Clint Phillips, III brings this action for alleged violations of his civil rights. The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). As plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. Finally, plaintiff's motion for appointment of counsel and motion for summary judgment will be denied as moot.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Plaintiff's History with the Court**

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court.[1] He describes himself as suffering from PTSD and schizophrenia. *See Phillips v. Three Unknown Police Officers*, No. 4:19-cv-2922-RLW, ECF No. 1 at 4 (E.D. Mo. filed Oct. 25, 2019). In this Court's dismissal of a case plaintiff filed in 2022, the Court warned him that the filing of frivolous lawsuits is an abuse of the litigation process. *See Phillips v. St. Louis County*, No. 4:22-cv-759-JAR, ECF No. 7 at 6 (E.D. Mo. issued Oct. 19, 2022). Based on a review of Court records, since that warning from the Court, Plaintiff has filed at least five (5) additional cases.

**The Complaint**

Plaintiff is a self-represented litigant who has filed the instant civil action pursuant to 42 U.S.C. §§ 1983 and 1985. ECF No. 1 at 3. The caption of the complaint lists the following defendants: (1) Two Unknown African American Police Officers; (2) City of Moline Acres; (3) SSM Security; (4) SSM Emergency Room Staff; (5) Unknown Psychiatrist; (6) United Healthcare; (7) St. Louis County; and (8) Officer Unknown Ewing. *Id.* at 1. Plaintiff does not indicate whether he is suing the officers in their official or individual capacities.[2]

Plaintiff alleges he was "attacked by an unknown African American police SGT of the City of Moline Acres in front of the Shell gas station" and "was choked almost into asphyxiation." *Id.*

---

[1] Based on a review of Court records, it appears that plaintiff has filed over forty cases in this Court since 2010. It appears that only one of those cases made it past initial review under 28 U.S.C. § 1915(e)(2); however, that case was dismissed after plaintiff failed to respond to a motion to compel and failed to appear for a hearing. *See Phillips v. Dunn*, No. 4:16-CV-1698-RWS (E.D. Mo. Oct. 31, 2016) (dismissed July 21, 2017) (appeal dismissed for lack of jurisdiction Sept. 6, 2018). Plaintiff's other cases were dismissed before service on any defendant for a variety of reasons, including failure to sign the complaint, frivolity, failure to state a claim, lack of jurisdiction, and failure to prosecute.

[2] When a plaintiff's claim does not specify whether the defendant is being sued in his personal or official capacity, the court interprets the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

3

at 5. Plaintiff appears to assert the incident occurred while he was using the station's telephone. ECF No. 1-1 at 1. Plaintiff alleges a second unknown African American police officer was present and liable for "false arrest, false imprisonment, malicious prosecution, abuse of process, abuse of discretion, illegal transport to a mental facility, illegal detention, abuse of police power and authority, and malicious mischief[.]" *Id.* Plaintiff does not present any facts to support these allegations.

As to defendants SSM Security and the SSM Emergency Room Staff, plaintiff asserts they "illegally jailed and/or civilly committed [him] under false pretenses in concert with a Moline Acres Policeman" and "shot with unwanted medication/injections[.]" *Id.* at 2. Plaintiff contends SSM acted upon the direction of an unknown psychiatrist who produced an "ex-parte certificate" based on false information given to them by unidentified City of Moline Acres public officials. *Id.* at 2, 4.

Plaintiff contends the "City of Moline Acres should [be] liable for their officers conduct vicariously through [] unofficial customs of illegal detention, unreasonable arrest, abuse of discretion, abuse of process, abuse of police power and authority, technical assault, IIED (intentional infliction of emotional distress) in their official capacities[.]" *Id.* at 3-4. He also claims St. Louis County "should be liable for an unofficial custom of their dispatchers, assisting, directing, promoting, encouraging and countenancing an illegal stop, illegal detention, abuse of discretion, abuse of process, malicious prosecution, false arrest, false imprisonment, and illegal transport done in concert with Moline Acres[.]" *Id.* at 5.

He then asserts defendant "United Healthcare should be liable because [he has] been a patient of theirs through [his] Medicare C fringe benefit . . . but was discriminated against, denied transportation, and told [he] was no longer a member of Blue Cross-Blue Sheild[.]" *Id.* at 4.

4

Plaintiff complains he is constantly being denied claims "making it hard for [him] to eat." *Id.* He classifies their actions as "Medicare Fraud." *Id.*

Lastly, plaintiff describes a situation in which he went to "United Mart" and had an "encounter with Officer Ewing who inadvertently refused assistance" in violation of the Fourteenth Amendment. *Id.* at 5. It is entirely unclear what kind of assistance plaintiff sought, and how Officer Ewing's response was violative of the constitutional provision. Plaintiff then appears to complain he was arrested for "abusing 911" and Officer Ewing was "possibly . . . involved through radio transmissions assisting, and directing a false imprisonment[.]" *Id.* at 5.

For relief, plaintiff seeks $10 million from the City of Moline Acres, $10 million from SSM Security and the SSM Emergency Room Staff, $10 million from United Healthcare, $10 million from St. Louis County, and $8.7 million from the unknown psychiatrist. ECF No. 1 at 6.

## Discussion

Having carefully reviewed the complaint, and for the reasons discussed below, this action must be dismissed for failure to state a claim.

### A.  42 U.S.C. § 1983 Claims Against the City of Moline Acres and St. Louis County

Plaintiff's claims against the City of Moline Acres and St. Louis County must be dismissed for failure to state a claim. In a § 1983 action, a municipality cannot be held liable on a respondeat superior theory. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018). A local governing body can, however, be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure

to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can assert the liability of the City of Moline Acres and/or St. Louis County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

6

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has failed to establish the liability of either the City of Moline Acres or St. Louis County. Plaintiff has not alleged any non-conclusory facts that either municipality has an unconstitutional policy or custom, or that it has been deliberately indifferent in its failure to train or supervise its employees. In the complaint, plaintiff asserts that the "City of Moline Acres should [be] liable for their officers conduct vicariously," but as noted above, respondeat superior is inapplicable to this type of claim. Plaintiff asserts that St. Louis County "should be liable for an unofficial custom of their dispatchers," but does not allege deliberate indifference to or tacit authorization by St. Louis County. *See also Russell v. Hennepin Cnty.*, 420 F.3d 841, 849 (8th Cir. 2005) (widespread pattern of constitutional misconduct cannot be shown by plaintiff's own circumstances alone).

The complaint simply does not contain any non-conclusory allegations tending to show a direct causal link between any official municipal policy or unofficial custom and the alleged constitutional violations, nor are there any non-conclusory allegations of a failure to train or

7

supervise. While a *pro se* pleading is to be liberally construed, it still must allege specific facts which, if proven true, would entitle the plaintiff to some legal relief against the named defendants under some cognizable legal theory. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). "Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Therefore, plaintiff's claim against the City of Moline Acres and St. Louis County must be dismissed. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. 42 U.S.C. § 1983 Claims Against Two Unknown African American Police Officers and Officer Unknown Ewing

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

The two "Unknown African American Police Officers" are alleged to be employed by the City of Moline Acres. Thus, plaintiff's official capacity claims against the two unknown officers are actually claims against the City of Moline Acres itself. As discussed above, plaintiff has failed

8

to state a municipal liability claim against the City of Moline Acres. Therefore, plaintiff's official capacity claims against the two unknown police officers must be dismissed.

As to plaintiff's official capacity claims against Officer Unknown Ewing, plaintiff briefly describes a situation in which he went to "United Mart" where Officer Ewing "inadvertently refused assistance." It is entirely unclear what kind of assistance plaintiff sought, and how Officer Ewing's response was violative of a constitutional provision. Plaintiff further asserts he was arrested for "abusing 911 by St. Louis County dispatch and Moline Acres Police." Plaintiff blames Officer Ewing for possible involvement in his arrest. Plaintiff does not identify the employer of Officer Ewing, but based on the allegations in the complaint, it appears he is either an employee of St. Louis County or the City of Moline Acres. Because plaintiff has failed to state a municipal liability claim against either entity or any other municipality, plaintiff's official capacity claim against Officer Unknown Ewing must be dismissed.

### C. 42 U.S.C. § 1983 Claim Against SSM Security, SSM Emergency Room Staff, Unknown Psychiatrist, and United Healthcare

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, pursuant to § 1983, a defendant can only be held liable for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and

9

*Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may *only* be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, it appears SSM Security, SSM Emergency Room Staff, the Unknown Psychiatrist, and United Healthcare are private entities, not state actors. Furthermore, the conduct plaintiff accuses these defendants of are entirely conclusory and cannot be fairly attributable to a government entity or be said to have derived from state or municipal authority. Plaintiff has not provided any non-conclusory facts that these defendants were willful participants in joint activity with the government, or its agents. Because plaintiff has not shown that these defendants are state actors or acted under color of state law, he has failed to establish one of the necessary elements of a 42 U.S.C. § 1983 claim. Therefore, plaintiff's § 1983 claim against SSM Security, SSM Emergency Room Staff, the Unknown Psychiatrist, and United Healthcare must be dismissed.[3]

Even if these defendants were assumed to have acted under color of state law, plaintiff has failed to demonstrate they violated his constitutional rights. He has not presented factual, non-

---

[3] The Court notes plaintiff has previously filed claims against private entities and has been informed that such causes of action do not state a claim under 42 U.S.C. § 1983. For example, in *Phillips v. Akbar, et al.*, Case No. 21-CV-909-NCC, Mr. Phillips sued United Mart for failing to sell him a winning lottery ticket. *See also Phillips v. Wal-Mart, et al.*, Case No. 4:20-CV-1276-SNLJ (Mr. Phillips sued a retail outlet, a non-state actor) and *Phillips v. St. Louis Community Credit Union, et al.*, Case No. 4:20-CV-1275-MTS (Mr. Phillips sued a credit union, a non-state actor).

conclusory allegations showing he actually suffered a constitutional deprivation, much less that the named defendants are responsible for any such violations. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

### D. 42 U.S.C. § 1985 Claims Against All Defendants

In order to establish a civil conspiracy under 42 U.S.C. § 1985, a plaintiff must demonstrate "(1) that the defendants conspired, (2) with the intent to deprive him of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that he was injured or deprived of having and exercising any right or privilege of a citizen of the United States." *Mendoza v. United States Immigration & Customs Enforcement*, 849 F.3d 408, 421 (8th Cir. 2017). The first element requires the plaintiff to "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Johnson v. Perdue*, 862 F.3d 712, 717-18 (8th Cir. 2017). *See also Crutcher-Sanchez v. Cnty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012) ("A conspiracy claim requires evidence of specific facts that show a meeting of the minds among conspirators"). Conjecture and speculation are insufficient to prove the existence of a conspiracy. *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). Furthermore, unless there is a constitutional violation, there is no actionable conspiracy claim. *Robbins v. Becker*, 794 F.3d 988, 997 (8th Cir. 2015).

Here, plaintiff has not alleged "with particularity" that any of the defendants reached an agreement with any governmental entity or agent. Plaintiff does not even provide any conclusory assertions that the defendants engaged in any type of conspiracy. Indeed, there is not even enough

factual material upon which to engage in speculation or conjecture. Therefore, plaintiff's 42 U.S.C. § 1985 claim against defendants must be dismissed.

### Motion to Appoint Counsel and Motion for Summary Judgment

Plaintiff has filed a motion to appoint counsel, ECF No. 3, and a one-page motion for summary judgment, ECF No. 4. These motions will be denied as moot as this action is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [ECF No. 4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of September, 2023.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE